WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jessie Lewis,

        Petitioner,

v.

Charles L Ryan, et al.,

        Respondents.

No. CV-17-00220-PHX-JAT

**ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case is assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied. (Doc. 15). Petitioner filed objections to the R&R. (Docs. 18 & 19).

**I.   Review of R&R**

This Court "may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must review the magistrate's findings *de novo* only if a party objects to the magistrate judge's findings or recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, if no party objects to any fact or issue, the district court is not required to engage in "any review at all . . . ." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.   Petition for Writ of Habeas Corpus**

The Petition raises four grounds for relief. The R&R finds that Ground Two is

subject to a procedural bar and that Petitioner failed to establish an excuse. The R&R further finds that, to the extent that Ground Two is not subject to a procedural bar, it is a state law claim that is not cognizable on federal habeas review. Finally, the R&R finds that Grounds One, Three, and Four are without merit.

The R&R recounts the factual and procedural background of this case at pages 2–4. Neither party objects to this recounting. Accordingly, the Court accepts and adopts it.

### A. Ground Two

Petitioner focuses the bulk of his objections to the R&R on Ground Two—his claim that the Superior Court of Maricopa County did not have subject matter jurisdiction or jurisdiction over his case. (Doc. 18 at 3). The R&R concludes that because Petitioner failed to raise Ground Two on direct appeal to the Arizona Court of Appeals, Arizona Rule of Criminal Procedure 32 precludes his claim, and so his Ground Two claim is technically exhausted but procedurally barred. (Doc. 15 at 8) (citing Ariz. R. Crim. P. 32.2(a)(3)). The R&R further concludes that, even if Ground Two is not procedurally barred, Ground Two presents a state law claim that is not cognizable on federal habeas review. (Doc. 15 at 11).

#### i. Ground Two is Procedurally Barred without Excuse

A district court must reject Petitions for Writs of Habeas Corpus if a petitioner does not exhaust state remedies for his federal claims. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A petitioner satisfies this requirement if he "fairly presents" the federal claim to the state courts. *Id.* at 351. In Arizona, a petitioner satisfies this test by bringing his claim on direct review to the Arizona Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2004); *see Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them."). Furthermore, if a state procedural rule prevents the consideration of previously unraised claims, returning to state court is "useless." *Castille*, 489 U.S. at 351. Although such a claim may technically be exhausted, it is nonetheless procedurally

defaulted. *Id.*; *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (ruling that any unexhausted claims were procedurally defaulted because they were barred under Arizona Rule of Criminal Procedure 32).

Federal courts may still consider the merits of a petitioner's claim if he shows "cause" for the failure to properly exhaust the state court claims and "prejudice" from the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish "cause" for a procedural default, the Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner objects to the R&R's conclusion that he failed to exhaust available state remedies for his claim in Ground Two. (Doc. 18 at 13). Petitioner claims that he presented his asserted grounds for relief to the Arizona Court of Appeals, and that the state courts were aware that he was raising a federal claim. (Doc. 18 at 13). Although Petitioner did raise Grounds One, Three, and Four before the Arizona Court of Appeals, he did not raise Ground Two before that court. Petitioner provides no evidence to support his claim that he presented Ground Two to the Arizona Court of Appeals on direct review. (Doc. 19 at Ex. G). Nothing in the record shows that he described "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing on his constitutional claim." *Castillo*, 399 F.3d at 999 (alteration in original) (quoting *Kelly v. Small*, 315 F.3d 666, 670 (9th Cir. 2003)). In fact, his Petition for a Writ of Habeas Corpus to this Court does not include Ground Two on the list of claims he brought to the Arizona Court of Appeals. (Doc. 1 at 2). As explained above, Petitioner's failure to present Ground Two to the Court of Appeals means that his claim is now procedurally barred by Arizona law. Ariz. R. Crim P. 32.2(a); *Swoopes*, 196 F.3d at 1010. Because the application of Rule 32 would make any return to state court "useless," this Court accepts the R&R's conclusion that Ground Two is technically exhausted but

procedurally barred from federal habeas corpus review.[1]

Petitioner also objects to the R&R's conclusion that Ground Two is procedurally barred because he did not "receive all his court transcripts in order to 'fairly' file a supplement brief—an adequate brief." (Doc. 18 at 13). But, Petitioner did in fact raise this claim during the initial trial without the transcripts he now claims were critical to making that argument. (Doc. 11, Ex. VV, at 16). As the R&R explains, this clearly shows that Petitioner could raise this argument without the allegedly missing transcripts. (Doc. 15 at 10 n.6). Furthermore, this sort of factual evidence would not be relevant to Petitioner's jurisdictional argument. Jurisdiction is a legal question, one that did not require any—let alone "all"—of the court transcripts to properly present to an appellate court. Accordingly, this Court overrules this objection to the R&R's conclusion on Ground Two.

Petitioner next argues that the Court should still review the merits of his procedurally defaulted claim because he established both cause and prejudice. (Doc. 19 at 6–7). He alleges that the "cause" for the procedural default of Ground Two was the City of Phoenix Municipal Court's failure to place his October 16, 2014 hearing on the docket. (Doc. 19 at 6). Petitioner claims that this constitutes "interference by officials" and so establishes "cause" to excuse his procedural default. (Doc. 19 at 7). But, for purposes of excusing a procedural default, the alleged "interference by officials" must create an "objective impediment to compliance with" the procedural rule responsible for the default. *See Murray*, 477 U.S. at 488. Petitioner's complaints have no connection to his failure to raise his Ground Two claim to the Court of Appeals. In fact, Petitioner raised his Ground Two claim both at trial and on his appeal to the Arizona Supreme Court. (Doc. 11, Exs. E, H, I, M). This fact demonstrates that, even after the City's alleged

---

[1] Petitioner also argues that he filed Petitions for Writs of Habeas Corpus in the Maricopa County Superior Court and the City of Phoenix Municipal Court, and was deprived of an opportunity of a hearing in those forums. (Doc. 18 at 15–16). However, as explained above, the critical factor for purposes of the exhaustion requirement is whether he presented Ground Two to the Arizona Court of Appeals on direct appeal. Because he did not, this argument cannot overcome the R&R's determination that Ground Two is procedurally barred.

failure, he was perfectly able to assert his Ground Two claim. For these reasons, this Court accepts the R&R's conclusion that Petitioner failed to establish "cause" to excuse his procedural default.

### i. Ground Two is not Cognizable on Habeas

The R&R also concludes that Ground Two presented a state law claim, and so was not cognizable on federal habeas review. (Doc. 15 at 11). Petitioner objects to this conclusion, arguing that Ground Two is cognizable because he has "been deprived of the requirement of due process of law." (Doc. 19 at 9). However, as the R&R explains, whether or not the Maricopa County Superior Court had jurisdiction over Petitioner's case is a question of Arizona law. (Doc. 15 at 12) (citing Ariz. Const. art. VI, § 1). Because "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" when conducting habeas review, Ground Two presents a claim that is not cognizable on review in this Court. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Furthermore, Petitioner's invocation of due process does not transform this state law claim into a federal one. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, the objection to the R&R's conclusion that Ground Two is not cognizable is overruled.

## B. Ground One, Three, and Four

Petitioner exhausted Grounds One, Three, and Four on the merits in state court, meaning that this Court must deny these asserted grounds for relief unless the "state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an reasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2). Furthermore, this Court must presume that the state court's factual findings are correct. § 2254(e)(1).

### ii. Ground One

The Arizona Court of Appeals' rejected Petitioner's claim that there was insufficient evidence to support his conviction. (Doc. 15 at 3). The R&R concluded that the court's decision was not contrary to or an unreasonable application of, federal law, or

an unreasonable determination of the facts presented at trial, because a rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. (Doc. 15 at 19).[2] Petitioner does not specifically object to any of the R&R's conclusions of fact or law on Ground One, but instead makes a general claim that Arizona courts "did not allow [the] Due Process Clause to protect petitioner[,] which led to his conviction." (Doc. 19 at 11). But this single, unsupported, declaration by Petitioner does not show that the state court's decision on Ground One was contrary to or an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly, Petitioner's objection to the R&R's conclusion on Ground One is overruled and the R&R's recommendation is accepted.

### iii. Ground Three and Ground Four

Petitioner's other asserted grounds for relief are that Ariz. Rev. Stat. § 13-3102(A)(4) violates his right to possess a firearm under the Second and Fourteenth Amendment.[3] The objection petitioner makes to this Court is a restatement of the argument he made to both the Arizona Court of Appeals (Doc. 19, Ex. G, at 16–18) and in his Reply to the Magistrate Judge (Doc. 14 at 11–14). The Arizona Court of Appeals ruled against Petitioner on these issues, and the Magistrate Judge concluded that the court's ruling was not contrary to, or an unreasonable application of, clearly established federal law. (Doc. 15 at 20).[4] Petitioner adds nothing to his argument to demonstrate that the R&R's conclusion on this issue is incorrect. This Court has reviewed the R&R's recommendations de novo and finds them to be correct. Accordingly, the Court accepts the R&R's recommendations to deny relief on Grounds Three and Four.

---

[2] The R&R recounts the evidence presented by the State in great detail from pages 17–18. Because neither side objects to this recounting, this Court accepts and adopts it.

[3] In his objections, Petitioner once again raises the argument that the Arizona Constitution does not prohibit him from owning a firearm. But, as explained above, this is a state law claim that is not cognizable on habeas review. *McGuire*, 502 U.S. at 68.

[4] The Supreme Court has described regulations that prohibit the possession of firearms by felons as "presumptively lawful." *District of Columbia v. Heller*, 554 U.S. 570, 626–27 & n.26 (2008). This Court has previously rejected a similar challenge to the statute at issue here. *Swartz v. Ryan*, 2014 WL 2048057, at *13 (D. Ariz. 2014).

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is accepted. The objections (Docs. 18 & 19) are overruled. The Clerk of the Court shall enter judgment denying and dismissing the Petition, with prejudice.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition is based on a plain procedural bar and jurists would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 1st day of February, 2018.

James A. Teilborg
Senior United States District Judge